IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY L. EZZELL                                              OPINION AND ORDER

                    Petitioner,

                                                                           13-cv-736-bbc

     v.

UNITED STATES OF AMERICA,
STATE OF WISCONSIN, DIVISION
OF ADMINISTRATIVE HEARINGS DANE
COUNTY, MADISON WISCONSIN DEPARTMENT
OF CORRECTIONS,

                    Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Jerry L. Ezzell, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a pleading styled as a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that a prior state probation revocation proceeding was constitutionally infirm, even though he has now fully served the additional sentence imposed on him. A close look at his pleading shows that he is really arguing that he should receive sentence credit on his current federal sentence for the time he served on revocation.

Although petitioner's filings are difficult to follow, he appears to be alleging the following:

ALLEGATIONS OF FACT

In 2000, petitioner Jerry L. Ezzell was convicted in state court of four separate state

1

criminal offenses: disorderly conduct, two counts of operating a vehicle under the influence, and insurance fraud. He was put on three years' probation. Two and one-half years later, a federal Drug Enforcement Agent alleged that petitioner was selling cocaine and petitioner was arrested. A hearing on revocation was held on August 27, 2002. His constitutional rights were violated at this hearing in several respects. His attorney was not allowed to examine all of the adverse witnesses and the DEA agent recanted his accusations but they were still used as the basis for the revocation. Petitioner's probation was revoked and he was sentenced to two years in prison. He has finished serving that sentence.

The same facts that supported his revocation were the basis for the prosecution of federal crimes against him and he was convicted of possession of cocaine or possession of cocaine with intent to distribute. He is still serving the federal sentence imposed on him for these offenses.

OPINION

Petitioner is a federal prisoner and has styled his petition as one under 28 U.S.C. § 2241, but his primary allegations concern his claim that his constitutional rights were violated in his state probation revocation proceedings. Usually, these types of allegations belong in a petition for writ of habeas corpus under 28 U.S.C. § 2254, which covers persons "in custody pursuant to the judgment of a State court" who are challenging the constitutionality of their incarceration. In this case, however, petitioner states that he has fully served his state sentence. If he is no longer in state custody, he cannot bring a petition

under either § 2241 or § 2254 attacking the procedures in state court because those statutory remedies are not available to a person who is not in custody. Moreover, he has not suggested any reason to believe that his current federal incarceration was affected by his state revocation.

In a "motion for writ[s] of subpoena, ad testificandum & duces tecum," dkt. #3, petitioner fleshes out his § 2241 motion, stating that "I have served the time, but the time I served is still having an adverse affect upon my Liberty. The two year period I served [in state court] should be credited toward my federal incarceration as it . . . was instigated by an allegation mad[e] by a federal officer." This suggests that petitioner is asking for credit on his federal sentence for the time he served on his state sentence following the probation revocation because the crimes were of the same nature. This type of relief falls under the general grant of habeas jurisdiction in § 2241. Romandine v. United States, 206 F.3d 731, 736 (7th Cir. 2000) (requests for sentence credit or for recalculation of future time to be served must be presented to the Attorney General of the United States; adverse decisions may be reviewed under 28 U.S.C. § 2241).

In a closer case, I might inquire into whether petitioner has exhausted administrative remedies with the Bureau of Prisons regarding this issue or why he waited so long to file this petition. I need not do so in the present case because it is clear that the petition has no merit. Petitioner cannot receive credit for time he has served on his state sentence; that time has already been credited to a sentence. 18 U.S.C. § 3585(b) (only circumstances in which federal prisoner is to be given credit for time spent in official detention before sentence

commences is if he has served time "that has not been credited against another sentence"); Grigsby v. Bledsoe, 223 Fed. Appx. 486, 489 (7th Cir. 2007) (time served by petitioner "arose after [his] state sentencing, and since he obtained credit for this period from the state, he is not entitled to the same benefit from the BOP . . . ."); Carter v. Holinka, 2007 WL 5595942 (W.D. Wis. Dec. 19, 2007) ("a prisoner is not entitled under § 3585 to 'double credit' for time served"). It is possible that at his federal sentencing, the court could have taken into consideration the fact that petitioner was serving a state revocation term based on the conduct for which he was being sentenced in federal court. The record does not show that the sentencing court chose to do so. Its decision is not one that can be reviewed at this time; the sentence became final on the day it was imposed, subject to change only for clerical error or if it had been reversed by the court of appeals. Accordingly, petitioner's motion for relief under § 2241 will be denied and his "motion for writ[s] of subpoena, ad testificandum & duces tecum" will be denied as moot.

## ORDER

IT IS ORDERED that

1. Petitioner Jerry L. Ezzell's petition for writ of habeas corpus, dkt. # 1, is DENIED.

2. Petitioner's "motion for writ[s] of subpoena, ad testificandum & duces tecum,"

dkt. #3, is DENIED as moot.

Entered this 25th day of November, 2013.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge